Brassard, J.
The court issued an order that was entered on March 3, 2003 declaring that the plaintiffs second term to fifteen (15) days in isolation was in violation of G.L.c. 127, §40 [16 Mass. L. Rptr. 12].[2]The defendants filed a motion for reconsideration of this ruling dated April 30, 2003.
The defendants argue that the plaintiff is prohibited from seeking relief from the court as he failed to exhaust his administrative remedies. In support of this argument the defendants state that the plaintiff merely asserted on his administrative appeal that his sanctions were “unduly harsh in light of his overall prison record,” not that the sanctions were unlawful. Therefore, the defendants argue, the plaintiff did not adequately frame this issue for proper administrative review, and his claim should be time-barred. However, it is clear that the plaintiff appealed both his guilty finding and his sanctions pursuant to 103 CMR 430.18. Because this regulation specifically provides that an inmate may appeal the “finding or sanctions of the hearing officer,” a separate grievance under 103 CMR 491.00 et seq. is not required. Furthermore, the specificity of an inmate’s appeal must be weighed against the five-day deadline in which he has to file the appeal. 103 CMR 430.18. Accordingly, the defendants’ motion for reconsideration is DENIED.
Having determined that the sanctions imposed were unlawful, the court is faced with the more difficult task of fashioning a remedy now that the plaintiff has already served the second fifteen (15) day term.[3] Had the court been presented with this issue before the plaintiff had served the second fifteen days the court would have issued an injunction preventing the Department of Correction from imposing this unlawful second term. Obviously at this juncture it is too late to prevent the unlawful isolation. However, a consequence of the unlawful isolation was the plaintiffs inability to accrue statutoiy good time.[4] Because the plaintiff could have earned twelve and one-half days per month, G.L.c. 127, §129, but for his extra fifteen days of punishment he could have earned six and one-quarter days. Therefore, the court orders the defendants to grant the plaintiff six and one-quarter days of statutoiy good time.
ORDER
It is hereby ordered that the defendants’ motion for reconsideration is DENIED. It is further ordered that the defendants grant the plaintiff six and one-quarter days of statutoiy good time.

General Laws c. 127, §40 provides that “(flor the enforcement of discipline, an inmate may... be confined, for a period not to exceed fifteen days for any one offense, to an isolation unit.”

Money damages are inappropriate under a G.L.c. 231A claim for declaratory relief. Moreover, it cannot be said that the defendants violated a clearly established statute. See Anderson v. Creighton, 483 U.S. 635, 640 (1987). G.L.c. 129, §40 has only been interpreted by Buchannan v. Superintendent of Massachusetts Correctional Institution at Concord, where the court suggested that redundant charges for essentially the same set of facts may offend the purpose of §40 to use isolation sparingly. 9 Mass.App.Ct. 545, 548 (1980). However, before the hearing, the Commissioner reduced the prisoner’s sentence from 30 days of isolation to 15 days of isolation, rendering the issue moot. Id,

Because the plaintiff was sentenced prior to July 1, 1994 he is eligible to receive statutoiy good time for each month that “he has faithfully observed all the rules of his place of confinement, and has not been subjected to punishment.” G.L.c. 127, §129.